IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERESE SWENSON,

      Plaintiff,                       No. CIV S-07-0008 MCE CMK

  vs.

UNITED STATES OF AMERICA,

      Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding without counsel in this Title VII case against defendant United States of America. This proceeding was referred to this court by Local Rule 72-302(c)(21). Defendant has filed a motion for summary Judgment. See Fed. R. Civ. P 56 (c). Plaintiff filed a response on March 26, 2007.

        Plaintiff's complaint filed January 3, 2007, argues that defendant's failure to hire her as the postmaster in Gazelle constituted discrimination; however, plaintiff does not specify in her complaint the basis for the alleged discrimination.

        Defendant argues that plaintiff's Title VII claim was filed more than 90 days after her EEOC right-to sue letter was issued, and, therefore, is barred by the statute of limitations.

        When the Equal Employment Opportunity Commission (EEOC) dismisses a claim, it is required to notify the claimant and to inform the claimant that she has 90 days from

the receipt of the decision to bring a civil action.  See 29 C.F.R. § 1614.203, 1614.405, & 1614.407; Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir. 1992).  The requirement for filing a Title VII civil rights action within 90 days of the date the claimant is notified that the EEOC dismissed her claim constitutes a statute of limitations.  See id. at 266-67.  If a claimant fails to file within the 90-day period, the action is barred.

The court finds that the following facts, relevant to the defendant's statute of limitations defense, are undisputed.  On June 2, 2005, plaintiff filed a formal complaint of discrimination with the EEOC, alleging that the postal service had discriminated against her. (Doc. 7, Ex. B.)  The postal service conducted an EEO investigation and prepared an EEO Investigation Report dated August 24, 2005.  (Doc. 7, Ex. C.)  Plaintiff requested a hearing before an EEOC administrative judge on September 25, 2005.  (Doc. 7, Ex. D.)  On March 6, 2006, the EEOC administrative judge issued a decision granting summary judgment in favor of the postal service.  (Doc. 7, Ex. E.)  The postal service sent plaintiff a notice of final action agreeing with the EEOC's decision on March 16, 2006.  (Doc. 7, Ex. F.)  On April 5, 2006, plaintiff sent the EEOC Office of Federal Operations an appeal notice.  (Doc. 7, Ex. G.)   On September 8, 2006, the EEOC Office of Federal Operations mailed plaintiff its decision denying her appeal.  (Doc. 7, Ex. H.)

The denial of appeal notice advised plaintiff that she had the right to file a civil action in district court within 90 days from the date she received the decision denying her appeal. (Id.)  The notice stated that for timeliness purposes, "the Commission will presume that this decision was received within five (5) calendar days after it was mailed."  (Id.)

Plaintiff filed her Title VII action in this court on January 3, 2007.   Attached to her complaint was an EEOC right-to-sue letter dated September 22, 2006,  from EEOC Appeal No.  01A61477 and Agency Case No. 4F-956-0151-05.  A footnote in the September 22, 2006,

///

///

1  right-to-sue letter noted that the EEOC had also issued a decision on appeal from another final
2  agency decision—Swenson v. United States Postal Service, EEOC Appeal No. 01A62994
3  (September 8, 2006).
4       Based on the facts above, it is undisputed that plaintiff did not file her Title VII
5  claims within the applicable 90-day limitations period.  Plaintiff attached an EEOC right to sue
6  letter dated September 22, 2006 to her complaint.  It is undisputed, however, that the right to sue
7  letter regarding the allegations in plaintiff's Title VII case before the court—that she was
8  discriminated against when she was not hired for the position of Gazelle postmaster, was dated
9  September 8, 2006.   The 90-day limitations period for plaintiff to file a suit in district court
10 regarding the postmaster position in the Gazelle post office began to run on September 13, 2006
11 (September 8, 2006, plus five days).  The 90-day period expired on December 13, 2006 to file
12 her complaint in district court.  Plaintiff did not file this action until January 3, 2007.
13      Plaintiff has not advanced any grounds which would entitle her to equitable
14 tolling on the 90-day limitations period. See Scholar, 963 F.2d at 266-67(holding that Title VII's
15 90-day limitations period is subject to equitable tolling).  Plaintiff's only response to defendant's
16 motion is that the allegations in her complaint were made by "affidavit, under oath...thereby
17 waiving any right of the defendant to object on technical grounds."  (Doc. 8 at 1:21-24.)
18 Accordingly, the court finds that plaintiff's Title VII action is barred by the 90-day limitations
19 period and recommends that defendant's motion for summary judgment be granted
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant's motion for summary judgment be granted.

2. Plaintiff's complaint should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   April 20, 2007.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4